UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-598-FDW-DSC

| MICHAEL ANTHONY LORUSSO, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| DUKE ENERGY COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* "Emergency Petition to the Court" [Doc. 12].[1]

## I.   BACKGROUND

The *pro se* Plaintiff is presently incarcerated in the Florida Department of Corrections (FDOC) at the Dade Correctional Institution in Florida City, Florida. In the Complaint, he purported to sue the Duke Energy Company for alleged violations of the Sherman Antitrust Act on behalf of Florida customers who are being overcharged for electricity. [Doc. 1]. On January 30, 2023, this Court dismissed the Complaint as barred by the three-strikes provision of 28 U.S.C. § 1915(g). [Doc. 10].

On February 17, 2023,[2] the Plaintiff filed the instant "Emergency Petition to the Court" in which he claims that Florida Governor Ron DeSantis has engaged in a number of illegal activities,

---

[1] Citations to "Doc." refer to docket entries in Case No. 3:22-cv-598.

[2] The post-mark date is used here, as the Plaintiff failed to certify the date upon which he placed the Emergency Petition in his prison's mail system. See generally Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

including the transfer of the Plaintiff to a "mental health facility" within the FDOC.

**II.      DISCUSSION**

The instant Emergency Petition appears to be a new civil Complaint in which the Plaintiff attempts to hold the Florida Governor responsible for the present conditions of his confinement. The Clerk will be instructed to open the Emergency Petition as a Complaint in a new prisoner § 1983 case.[3]

The Prison Litigation Reform Act's (PLRA) three-strikes rule "generally prevents a prisoner from bringing suit in forma pauperis (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." Id. To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

---

[3] To the extent that the Plaintiff wishes to seek habeas corpus relief, he must file a separate civil action in the appropriate Florida court. See generally Preiser v. Rodriguez, 411 U.S. 475 (1973). The Court makes no determinations about the merit or procedural viability of such an action.

The Plaintiff's extensive litigation history includes at least three prior civil actions that count as strikes under § 1915(g): <u>LoRusso v. McCabe</u>, 8:20-cv-1916 (M.D. Fla. Dec. 15, 2020) (dismissal for failure to state a claim); <u>LoRusso v. Upton</u>, 1:03-cv-132 (M.D. Ga. Sept. 16, 2003) (dismissal as frivolous); <u>LoRusso v. Fayetteville, Ga.</u>, 1:03-cv-005 (dismissal as frivolous); <u>LoRusso v. Upton</u>, 1:03-cv-138 (M.D. Ga. Sept. 16, 2003) (dismissal for failure to state a claim). The Plaintiff's present claims mainly relate to his transfer to a new prison. He has not attempted to satisfy § 1915(g)'s imminent danger exception.

The Plaintiff has filed at least three prior civil actions that count as strikes; he has not prepaid the filing fee; and he has failed to demonstrate that he is in imminent danger of physical harm. Therefore, he may not proceed *in forma pauperis* pursuant to § 1915(g), and the Court will dismiss the Complaint without prejudice.[4]

### III. CONCLUSION

In sum, the "Emergency Petition to the Court" is construed as a prisoner § 1983 Complaint that the Clerk of Court is instructed to docket in a new civil action. The Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Emergency Petition to the Court" [Doc. 12] is construed as a § 1983 Complaint that the Clerk of Court is instructed to docket in a new civil action.

2. The Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

3. The Clerk is further instructed to add the new civil case to the Court's Filer Status Report

---

[4] Even if the Complaint were not barred by the three-strikes provision of § 1915(g), the Court would dismiss it as frivolous and for failure to state a claim upon which relief can be granted. For the same reason, the Court finds that transferring this action to a Florida district court is not warranted. <u>See</u> generally 28 U.S.C.A. § 1406(a).

in CM-ECF, and close this case.

Signed: March 2, 2023

*[Signature]*

Frank D. Whitney
United States District Judge

4